Filed for Record
6/15/2017 2:25:11 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
92193-CV
Kayla Byers, Deputy

CAUSE NO. 92193-CV

| | | |
|---|---|---|
| AUDREY WILLIAMS | § § | IN THE DISTRICT COURT |
| Plaintiff | | |
| VS. | § § | 23rd ~~300th~~ |
| U.S. XPRESS, INC | § § | OF BRAZORIA COUNTY |
| Defendant | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, AUDREY WILLIAMS ("Plaintiff"), hereinafter referred to as Plaintiff, and files Plaintiff Original Petition, complaining of **U.S. XPRESS, INC.**, hereinafter referred to as Defendant, and for the causes of action would respectfully show unto this Honorable Court the following:

### A. DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary damages in excess of $100,000.

### B. REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2. To the extent that the above- named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants answer in their correct legal and assumed names. TEX. R. CIV. P. 28.

# EXHIBIT A

## C. PARTIES

3. Plaintiff, Audrey Williams, is a resident of Harris County, Texas.

4. Defendant, U.S. XPRESS, INC., is a foreign for-profit corporation authorized to conduct business in the State of Texas. U.S. XPRESS, INC. may be served through its registered agent **CORPORATION SERVICES COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY** at 211 E. 7th Street, Suite 620, Austin, Texas 76701-3136.

## D. JURISDICTION

5. The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdiction requirements.

## E. VENUE

6. Venue in Brazoria County is proper in this cause under Section 15.0029(a) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## F. FACTS

7. On or about May 25, 2016, Audrey Williams was the driver of a 2014 Chevrolet Equinox. Plaintiff and her husband Mr. Jesse Whiting were exiting Walmart Supercenter located at 10505 Broadway Street, Pearland, Texas 77584. Defendant attempted to make a turn where he miscalculated the turn and struck the driver's side of Plaintiff's vehicle. Defendant caused significant damage to the Plaintiff driver's side of the vehicle. Defendant caused severe and permanent damage to Plaintiff. The injuries and damages sustained by Plaintiff, Audrey Williams were proximately caused by the negligence of Defendant, U.S. XPRESS, INC.

## G. CAUSES OF ACTION

### COUNT 1 – Negligence of Defendant, U.S. XPRESS, INC.

8. The Defendant, U.S. XPRESS', INC. employee, was negligent on the occasion in question and proximately caused Plaintiff injuries and damages by:

(1) failing to turn when safe to do so;

(2) failing to yield the right of way to Plaintiff;

(3) failing to maintain an assured clear distance to avoid the collision;

(4) failing to pay attention to the driving condition;

(5) failing to take proper evasive action;

(6) failing to maintain a proper lookout;

(7) failing to turn properly his commercial vehicle in order to avoid the collision;

(8) failing to drive in a reasonably attentive manner;

(9) failing to act as a reasonably prudent driver would have done under the same or similar circumstance; and

(10) violating the terms and provisions of the TEXAS TRANSPORTATION CODE, the TEXAS DRIVER'S HANDBOOK, the TEXAS COMMERCIAL MOTOR VEHICLE DRIVER'S HANDBOOK, and the FEDERAL MOTOR CARRIER SAFETY ACT.

### COUNT 2 – Negligence Per Se, U.S. EXPRESS, INC.

9. In addition to other counts, defendant's negligence as described in Count 1 violated a statute.

10. These statutes are designed to protect a class of persons to which Plaintiff belong and to protect against the type of injuries suffered by Plaintiff.

11. Defendant's breach of duty imposed by the statutes proximately caused injuries to the

plaintiff, which resulted in the following damages: 1) physical pain and suffering 2) emotional distress and 3) lost wages; and 4) attorney's fees.

## H. DAMAGES

12. Plaintiff makes the statement regarding what she is seeking in this paragraph only because she is required to do so by the Texas Supreme Court (to provide information regarding the nature of cases filed). She does not make such a statement in this paragraph to affect her substantive rights to recover any dollar amounts which the jury believes to be appropriate. Plaintiff trusts the jury to provide whatever dollar amounts the jury believes to be appropriate for her claims, whether in the range described in this paragraph, or above or below that range. Therefore, it is the Plaintiff's intent that the jury consider evidence at trial and come to its own determination and not base the jury's determination on the assertion made in this paragraph. Therefore, pursuant to the Texas Supreme Court's requirement, Plaintiff seeks monetary relief of $100,000 to not more than $500,000.00. Plaintiff makes this statement in June of 2017, before conducting any discovery in this case and therefore before learning whatever she will learn through the continued discovery process. Further, this dollar amount range includes exemplary damages, which were previously known as "punitive damages." Plaintiff attorney – not Plaintiff- wrote this paragraph.

13. As a direct and proximate cause of Defendant's negligence, Plaintiff, Audrey Williams, has suffered permanent serious, disabling injuries. Said elements of damage, which Plaintiff seeks to recover from Defendant, includes compensation for the following:

>  (1) physical pain and disability suffered by the Plaintiff from the day of the injury to the time of trial;

(2) future physical pain and mental anguish reasonably anticipated to be suffered by the Plaintiff in the future;

(3) mental anguish, embarrassment and suffering sustained by the Plaintiff from the day of the injury to the time of trial;

(4) mental anguish, embarrassment and suffering which is reasonably anticipated to be suffered by the Plaintiff in the future;

(5) reasonable and necessary medical expenses incurred by the Plaintiff in the treatment of his injuries from the date of the injury to the time of trial;

(6) reasonable and necessary medical expenses reasonably anticipated to be suffered by the Plaintiff in the future for the treatment of his injuries;

(7) physical impairment and disfigurement reasonably anticipated to be sustained by the Plaintiff in the future;

(8) future physical impairment and disfigurement reasonably anticipated to be sustained by the plaintiff in the future.

14. In addition to actual damages, Plaintiff hereby seeks recovery for pre-judgment interest on the actual damages in accordance with the provisions of V.T.C.A. Finance Code § 304.101, et. seq., and for post judgment interest on said judgment at the maximum legal rate.

15. If the Defendant claims that Plaintiff had a pre-existing condition, disease of infirmity in body, and if said condition or disease existed in any degree, whatsoever, the above-described accident aggravated and accelerated and/or made worse such condition, disease or infirmity so as to be a proximate cause of injuries, disability and/or damages. If the Defendant claims any doctor aggravated the plaintiff's injuries, the Plaintiff may recover for aggravation of injuries brought about by improper medical treatment since he was not negligent in the selecting of medical providers.

16. If it is the Defendant's contention that he Plaintiff's medical bills are limited to those only paid and/or incurred by them or their insurance company, including the Plaintiff's deductible and co-payments, then the Plaintiffs hereby seek recovery for the premiums they have paid for

such insurance coverage since the Defendant has robbed him of the benefits of insurance coverage without fair, due and just compensation.

## I. CONDITIONS PRECEDENT

17. All conditions precedent to Plaintiff's right to bring this action and recover his damages and to Defendant's liability have been performed and occurred.

## J. DISCOVERY REQUESTS

18. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## K. JURY DEMAND

19. Plaintiff demands a jury trial and tenders the appropriate fee.

## L. PRAYER

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, US EXPRESS, INC. be cited to appear and answer herein, and that upon trial, hereof, Plaintiff have and recover damages from Defendant, for the full amount of such damages, for pre-judgment interest at the maximum legal rate, for interest on the judgment from the date of its rendition until paid, for costs of Court, and for such other and further relief, general and special, legal and equitable, to which Plaintiff may be entitled to which the jury believes him deserving for which he will ever pray.

Respectfully Submitted,

**LAW OFFICE OF JOSEPH K. PLUMBAR**

By: *Joseph K. Plumbar*

TBN: 24062331
1200 Rothwell Street
Houston, Texas 77002
(713) 384-5507 Telephone
(866) 252-3048 Facsimile
jplumbar@plumbarlaw.com
Attorney for Plaintiff